UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ROBBEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EL DORADO COUNTY, et al.,<br><br>　　　　　Defendant. | No. 2:16-cv-2695 MCE KJN P<br><br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff is a county jail inmate, proceeding pro se, with a civil rights action pursuant to 42 U.S.C. § 1983. On November 17, 2016, plaintiff was ordered to submit a completed affidavit in support of his request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, because the certificate portion of the request was not completed by jail officials, and plaintiff did not provide a certified copy of his jail trust account statement for the prior six months. Plaintiff was cautioned that failure to comply with the court's order would result in a recommendation that this action be dismissed. (ECF No. 4.)

Section 1915(a)(2) requires "a prisoner seeking to bring a civil action without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined."

1      On December 8, 2016, plaintiff filed another motion to proceed in forma pauperis, but again failed to provide the certified jail trust account statement and jail officials did not complete the certificate portion of the form he submitted.  Because plaintiff is not in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), county jail officials must provide the certification.  Plaintiff has not submitted a certified copy of his trust account statement or the institutional equivalent, or otherwise explained his failure to comply with the November 17, 2016 order.[1]

      Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 26, 2017

/robb2695.fifp

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] The court has the power to control its docket and the cases pending before it.  Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992).  **Error! Main Document Only.**Plaintiff has multiple cases pending in this district.  In his December 15, 2016 filing, plaintiff lists eight different cases he has filed.  (ECF No. 8 at 1-2.)  Thus, plaintiff should be aware of the procedures required to seek in forma pauperis status.  For example, in two of his cases, plaintiff was provided multiple opportunities to submit the certified trust account statement, and on January 17, 2017, the assigned magistrate judge required plaintiff to provide the court with a copy of his request for a copy of his certified trust account statement along with any response from jail officials.  Robben v. City of South Lake Tahoe, No. 2:16-cv-2696 WBS EFB (E.D. Cal.); Robben v. Norling, No. 2:16-cv-2699 WBS EFB (E.D. Cal.).  Review of plaintiff's cases demonstrates an inordinate expenditure of judicial resources to obtain certified financial information which plaintiff is required to provide under 28 U.S.C. § 1915.  See No. 2:16-cv-2696 WBS EFB (three orders); No. 2:16-cv-2699 WBS EFB (three orders); Robbin v. El Dorado County, No. 2:16-cv-2697 JAM KJN (E.D. Cal.) (two orders).  The undersigned is not inclined to recommend that the court waste its limited resources on such preliminary issues.