UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ROBBEN, | No. 2:16-cv-2695 MCE KJN P |
| Plaintiff, | |
| v. | ORDER |
| EL DORADO COUNTY, et al., | |
| Defendants. | |

Introduction

    Plaintiff is a former El Dorado County inmate, proceeding without counsel.  Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983.  On January 27, 2017, the undersigned recommended that this action be dismissed based on plaintiff's failure to comply with the November 17, 2016 order.  On February 9, 2017, plaintiff filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and his trust account statement.  On March 1, 2017, plaintiff filed a notice of change of address reflecting his release from custody.

    Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

    As set forth below, plaintiff's complaint is dismissed with leave to amend.

////

////

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most

favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Complaint

Plaintiff names as defendants Lynn Cavin, El Dorado County Superior Court Clerk; "Does 1-25; Court Administrator Clerk, others, Sheriff personnel; Mary Ann Swenney, Does 1-25, Placer County Superior Court." (ECF No. 1 at 2.) Plaintiff alleges that "the clerks" violated the First and Fourteenth Amendments by failing to file court documents, and sheriff's staff did not mail legal mail. Plaintiff claims that these facts show a conspiracy to prevent plaintiff from having access to the court and due process. Plaintiff then provides the following laundry list: "state and federal claims of RICO, conspiracy, fraud, infliction of mental duress, neglect in hiring, deliberate indifference, failure to train, Monell custom, policy, pattern or practice, State Constitution §§ 1, 2 & 7." (ECF No. 1 at 3.) Plaintiff states that a "list will be made during discovery." (Id.) He also alleges that the courts do not send legal files or make copies, thus violating plaintiff's due process rights and access to the courts. Specifically, plaintiff states that the clerks sent a letter requiring plaintiff to pay fifty cents per page even though plaintiff had an order waiving court fees and costs and was in jail with no checkbook and is indigent. Plaintiff alleges that the jail staff/sheriff will not make photocopies of legal papers or filings. Plaintiff argues that Cal. Code Regs. tit. 15, § 3162 outlines legal forms and duplicating services for inmates, and § 3160 outlines inmate access to the courts, specifically that access shall not be obstructed. See id., § 3160(a).

For relief, plaintiff seeks declaratory, and injunctive relief, as well as money damages.

Discussion

    Unrelated Claims

First, plaintiff attempts to plead, in one action, different incidents involving different defendants employed at different agencies.

Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). Unrelated claims against different defendants must be pursued in multiple lawsuits.

////

3

> The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Here, the act of obtaining photocopies from superior court defendants is different from the failure of Sheriff's Office personnel to mail legal mail. Moreover, critical to the question of whether plaintiff was denied access to the court by any defendant is the nature of the legal document to be photocopied or mailed. Plaintiff does not allege that he was attempting to get the same legal documents copied by both court clerks and Sheriff's Office personnel. Although plaintiff may be attempting to obtain photocopies to file in his court cases, it appears that the purposes would differ as to the copies sought. In addition, plaintiff's claim that sheriff's office staff would not mail legal mail is wholly unrelated to his claims against court clerk staff.

Moreover, plaintiff's threadbare facts are wholly insufficient to demonstrate a conspiracy among the named defendants, and is not plausible under Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

Plaintiff's complaint must be dismissed because he is required to raise unrelated claims against different defendants in different lawsuits.

Alleged Denial of Access to Courts

Prisoners have a constitutional right to meaningful access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 824-25 (1977). The right of access is the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354. Within this right to access the courts is the right for prisoners to prepare legal documents without active

4

1    interference from prison officials. Id. at 350; Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir.
2    2011) ("[P]risoners have a right under the First and Fourteenth Amendments to litigate claims
3    challenging their sentences or the conditions of their confinement to conclusion without active
4    interference by prison officials."), overruled on other grounds as stated by Richey v. Dahne, 807
5    F.3d 1202, 1209 n.6 (9th Cir. 2015).  However, to claim a violation of this right, a plaintiff must
6    show that he has suffered an actual injury as a result of the alleged interference. Lewis, 518 U.S.
7    at 350.  In other words, he must be able to show that the deprivation has directly impacted the
8    relevant litigation in a manner adverse to him. Id. at 348 (defining "actual injury" as "actual
9    prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing
10   deadline or to present a claim.").  The Ninth Circuit has concluded that "an inmate has a right to
11   photocopying. . . when, and only when, necessary to guarantee him meaningful access to the
12   courts." Hiser v. Franklin, 94 F.3d 1287, 1294 n.6 (9th Cir. 1996).[1]

13   Plaintiff does not allege facts in the complaint showing that he suffered an actual injury as
14   defined above.  Plaintiff alleges that all of the defendants refused to provide him with
15   photocopies, charged him for photocopies, and sheriff's office defendants did not mail legal mail
16   for plaintiff.  But plaintiff does not allege any facts showing that he was prevented from filing or
17   litigating a direct criminal appeal, habeas petition, or civil rights action.  Plaintiff has not alleged
18   any facts linking the conduct of any individual defendant that caused him to receive an
19   unfavorable decision in any particular case.  Rather, the complaint merely makes conclusory
20   statements outlining defendants' alleged behavior.  Such allegations are insufficient to state a
21   claim.

22   Superior Court Clerks and other Court Defendants

23   Court clerks have absolute quasi-judicial immunity from damages for civil rights
24   violations when they perform tasks that are an integral part of the judicial process. Mullis v. U.S.
25   Bankr. Ct. For the D. Of Nev., 828 F.2d 1385, 1390 (9th Cir. 1987); see also Morrison v. Jones,

---

[1] Plaintiff does not have a constitutional right to free photocopying. Johnson v. Moore, 948 F.2d 517, 521 (9th Cir. 1991) (citing Sands v. Lewis, 886 F.2d 1166, 1169 (9th Cir. 1989) ("numerous courts have rejected any constitutional right to free and unlimited photocopying") (Sands overruled on other grounds by Lewis, 886 F.2d at 1172.).

607 F.2d 1269, 1273 (9th Cir. 1979).  Clerks qualify for quasi-judicial immunity unless they acted in the clear absence of jurisdiction.  Mullis, 828 F.2d 1385.  In Mullis, a debtor brought a civil rights action against bankruptcy court clerks. The debtor alleged that the bankruptcy court clerks accepted and filed his bankruptcy petition, but then refused to accept and file an amended petition in violation of his constitutional rights.  The Ninth Circuit held that the court clerks' refusal to accept and file an amended petition was a basic and integral part of the judicial process, and as such, the clerks were entitled to quasi-judicial immunity from damages.  Id.

Here, plaintiff claims that court clerks failed to file court documents.  Plaintiff fails to explain the details surrounding the refusal, or identify the nature of the purported filing.  Nevertheless, court clerks' decisions regarding whether to accept and file documents are a basic and integral part of the judicial process.  Plaintiff makes no allegations that would suggest that the clerks acted outside of their role as court clerks.  Therefore the superior court clerks are entitled to immunity from plaintiff's claim for damages.  Mullis, 828 F.2d at 1390; see also Juarez v. Clerk, 2009 WL 385796 at *1 (N.D. Cal. Feb. 13, 2009) (district court clerk was entitled to absolute quasi-judicial immunity for allegedly failing to send plaintiff court opinion denying his previously filed federal case); White v. Dep't of Corrs., 2008 WL 5246161 at *3 (E.D. Cal. Dec. 15, 2008) (California Supreme Court clerk is immune from damages for allegedly refusing to give plaintiff's court documents to magistrate judge); Palacios v. Fresno County Super. Ct., No. CIV F-08-0158 at *2-3 (E.D. Cal. Feb. 4, 2008) (Fresno County Superior Court clerks were entitled to absolute quasi-judicial immunity for allegedly providing plaintiff with misinformation).

Accordingly, plaintiff's claims for damages against the superior court clerks or other court employees must be dismissed without leave to amend because such defendants are immune from suit.

Sheriff's Office Defendants

Improperly-Named Defendants

Plaintiff names doe defendants in his complaint.  The Ninth Circuit has held that where a defendant's identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that

6

discovery would not uncover the identities or that the complaint would be dismissed on other grounds. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). However, plaintiff does not identify each defendant doe and his or her alleged act committed which plaintiff contends violated his constitutional rights. This information is insufficient to put prospective defendants on notice of their alleged actions or omissions that plaintiff claims violate his federal rights. In order to link these doe defendants to the alleged acts or omissions that demonstrate a violation of plaintiff's federal rights, plaintiff is granted leave to amend, to either name the defendants involved, or list the doe defendants involved. If plaintiff can only list these defendants as John Doe, plaintiff must identify the John Doe as best as possible, and allege specific acts that these doe defendants did, such as "John Doe 1 did X" and "John Doe 2 and 3 did Y." Plaintiff is reminded that "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Aside from the Doe defendants, plaintiff names "sheriff personnel" as the sole reference to employees in the sheriff's office, and similarly fails to set forth specific factual allegations as to each claim. (ECF No. 1 at 2.)

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an

affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Although supervisory government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior, Iqbal, 556 U.S. at 676, they may be individually liable under Section 1983 if there exists "either (1) [the supervisor's] personal involvement in the constitutional deprivation; or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991). A plaintiff must also show that the supervisor had the requisite state of mind to establish liability, which turns on the requirement of the particular claim -- and, more specifically, on the state of mind required by the particular claim -- not on a generally applicable concept of supervisory liability. Oregon State University Student Alliance v. Ray, 699 F.3d 1053, 1071 (9th Cir. 2012).

In order for the court to order service of process on an individual in the sheriff's office, plaintiff must provide the name of the defendant so that the court can order the U.S. Marshal to serve process. Moreover, plaintiff must specifically allege facts as to each named defendant, clearly identifying what he or she did or did not do that violated his constitutional rights.

Exhaustion of Administrative Remedies

In his complaint, plaintiff appears to concede that he did not file a grievance concerning his claims against sheriff's office personnel prior to filing the instant action. Rather, in explanation, plaintiff wrote "not suing institution." (ECF No. 1 at 2.)

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.

§ 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding conditions of confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

Proper exhaustion of available remedies is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 95-96 (2006). For a remedy to be available, there must be the "possibility of some relief. . . ." Booth, 532 U.S. at 738. Relying on Booth, the Ninth Circuit has held:

> [A] prisoner need not press on to exhaust further levels of review once he has received all "available" remedies at an intermediate level of review or has been reliably informed by an administrator that no remedies are available.

Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005).

Failure to exhaust under the PLRA is "an affirmative defense the defendant must plead and prove." Jones v. Bock, 549 U.S. 199, 204, 216 (2007). However, a motion asserting an affirmative defense such as failure to exhaust may be brought under Rule 12(b)(6) or Rule 56, or sua sponte by the court, depending on whether the factual predicate for the motion is based on the text of the pleading or instead depends upon evidence submitted with the motion. See Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir.) ("in those rare cases where a failure to exhaust is clear from the face of the complaint, a defendant may successfully move to dismiss under Rule 12(b)(6) for failure to state a claim."), cert. denied sub nom. Scott v. Albino, 135 S. Ct. 403 (2014); Bock, 549 U.S. at 215 ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief."). The administrative process is exhausted only after the inmate complies with all relevant prison grievance procedures and receives a decision from the third level. Ngo, 548 U.S. at 95-96.

////

Grievance procedures in California jails are promulgated under the direction of state laws and regulations. See Cal. Penal Code § 6030(a); Cal. Code Regs. tit. 15, § 1073(a); Albino, 747 F.3d at 1182.

Here, where plaintiff is suing sheriff's office personnel for allegedly interfering with plaintiff's access to the court or violating his right to due process, plaintiff is required to exhaust his administrative remedies prior to filing such claims in federal court.

Conclusion

For all of the above reasons, plaintiff's complaint must be dismissed. It is unclear whether plaintiff can amend to rectify the deficiencies set forth above; however, in an abundance of caution, plaintiff is granted leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

////

In accordance with the above, IT IS HEREBY ORDERED that:

1. The January 27, 2017 findings and recommendations (ECF No. 10) are vacated.

2. Plaintiff's request for leave to proceed in forma pauperis is granted.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: March 14, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/robb2695.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ROBBEN,<br><br>        Plaintiff,<br><br>   v.<br><br>EL DORADO COUNTY, et al.,<br><br>        Defendants. | No. 2:16-cv-2695 MCE KJN P<br><br><br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____    Amended Complaint
DATED:

_____
Plaintiff

1